Case No. 22-1671

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff - Appellee,

vs.

CURTIS JOHNSON,
Defendant - Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF IOWA

Honorable Judge C.J. Williams
(District Court No. 21-CR-0028)

APPELLANT CURTIS JOHNSON'S
PRO SE SUPPLEMENT BRIEF

FILED

OCT 07 2022

MICHAEL GANS
CLERK OF COURT

RECEIVED

OCT 07 2022

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

## JURISDICTIONAL STATEMENT

Jurisdiction of the Lower Court was pursuant to U.S.C. §3231.

Jurisdiction of this Appeal is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 (a) and (3).

This Appeal is from a Final Order of Judgment filed pursuant to Federal Rules Of Appellate Procedure.

The Honorable Eighth Circuit Court Of Appeals has jurisdiction over this case.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA


CURTIS JOHNSON,
      Defendant,


v.                               Case No. 21-CR-28 22-1671


UNITED STATES OF AMERICA,
      Respondent.

_____/

### DEFENDANT'S PRO SE SUPPLEMENTAL BRIEF
### WITH AND ADDENDUM TO COUNSELS BRIEF

Comes now, Curtis Johnson, a pro se litigant who respectfully
seeks permission to submit a pro se supplemental brief adding one
additional claim to counsels brief.
Requesting correction of miscalculated base offense level.

Issue I.

### WHETHER THE COURT ERRED WHEN MAKING THE
### CALCULATION OF THE BASE OFFENSE LEVEL FROM
### THE MARIJUANA CONVERSION FROM METHAMPHETAMINE

Defendant contends that the conversion from Meth to Marijuana
to calculate drug amount is flawed and incorrect.

A total of 443.6 grams of Pure Meth and the 774.3 grams of Meth-
amphetamine (mixture) when converted to marijuana equals 10,408 grams
of marijuana.  Which is Offense level 32 not Offense Level 34.  The
plea of guilty was not rendered knowingly and intellectually made.
Because the Court had Mr. Johnson plead out to a drug amount Mr. Johnson
is actually innocent of. And the Base Offense Defendant pled to was
illegal and fabricated.

Defendant Johnson would like to have this pro se Supplemental

Brief raising his claim added to the other Claims brought before the Honorable Court.

The two levels that the miscalculated guidelines created subjected the Movant to a extraordinarily long sentence, that his true Statute doesn't authorize. This is not a routine type of miscalculation where the Court allows a typographical error to be applied. This miscalculation was done by the probation and parole officer who prepared the Presentence Investigation Report.

A two-level error in Base Offense Level equates to about 4.4 years.

Defendant Johnson asserts that his total Offense Level should have been Offense Level 34, not 36.

Even with the enhancement for Obstructiin of Justice, the total Base Offense Level would only be Level 34. This is an error that can be easily be rectified and corrected.

Appellate Counsel failed to recognize this error. And though it might appear to be miniscule, any excess of incarceration is a grave injustice. Additionally, any claim not brought on Direct Appeal is precluded from being raised later. Therefore it's imperative that Movant Johnson raises this claim now to preserve it.

It is well settled law in the Eighth Circuit Court of Appeals and other Circuits, that an alleged error in applying the sentencing guidelines is not cognizable under § 2255 Motions. Misapplication of Sentencing Guidelines not subject to 2255 Reveiw.
Any alleged error by the Court is not cognizable in a 2255 Motion, must be brought on Direct Appeal challenging the sentence.

In keeping with the Supreme Court decision in **Gall**, the Eighth Circuit Court of Appeals has repeatedly stated the methodology for determining a defendant sentence is as :

(1) The district court should begin by correctly calculating the applicable Guideline Range.

(2) The Guidelines should be the starting point and the initial benchmark.

The Court erred in calculating Defendant Johnson's Base Offense Level by two-levels.

Mr. Johnson correct Base Offense Level inclusive of the two (2) Level Enhancement for Obstruction Of Justice would have been 34. And the guidelines range would have been 210-262 months.

The Court sentenced Mr. Johnson under 262-327 months. Finding that an at the top guidelines range was not applicable. Therefore, the Court imposed a 288 month sentence. Which was 26 months from the low end of the incorrect guideline range.

While a two-level mistake might seem trivial, a correct guideline range would have been 210 months. Which is a 78 month deference or Four years and Four months less time.

The Northern District of Iowa's has hundred of cases where sentencing disparity rampant. These disparities are caused by the Harsh Guidelines imposed for Actual Methamphetamine (ICE), in comparison to Guidelines for Methamphetamine mixture. The Guidelines for pure Meth or Actual Methamphetamine are based on a defendants culpability. The purer the Meth, the closer the defendant is to the source.
This has been recognized by the defendants sentencing Judge. (see, Sentencing Transcript pg 65 line 8-16). Many sentencing Judges across America, including the Chief Judge for the NOrthern District of Iowa. ( the Honorable Judge Leonard T. Strand).

Additionally, the Honorable Mark Bennett of the Northern District of Iowa, has shown the same concern for the Guidelines of Actual Methamphetamine in his sentencing Methodology in case such as: **United States v. Michael Scott Harry,** 313 F. Supp. 3d, 969, (2018 N.D. Iowa); and **United States v. Willie Hayes,** 948 F. Supp 2d. 1009 (U.S. District Lexis 80240).
A close look at the Methamphetamine prosecution in the Northern Dist. of Iowa heard by Judge Strand the Chief Judge there. And Judge C.J. Williams court room. It clear to see the vast disparity in sentencing practices. The Case of **United States v. Nicholas Lee Griffin,** No. 21-Cr-3001 LTS. Kem 2021 Lexis 17819. The defendant was caught trafficking 10-pounds of Methamphetamine Actual (ICE). The defendant was classified as a career offender with a prior convivtion, guideline range 360 months to life. Judge Strand imposed what was called the

Harry variance, treating his methamphetamine actual (ICE) cases as a mixture substance case.

Nicholas Lee Griffin was sentenced to 210 months which was 150 months (12 1/2 years) below the guidelines sentence he could have sentenced him under.

Honorable Judge Leonard Strand explained his 12 1/2 year variance as he did in the case of Scott Michael Harry, 313 F. Supp 3d, 969, 2018 U.S. dist. Lexis 94853 No# -Cr-17-1017-LTS). "The Guidelines for pure methamphetamine are harsh compared to more dangerous drugs such as heroin and fentynal" The only known reason for a difference between methamphetamine mixture is the unfounded belief that some one caught with pure methamphetamine is closer to the source that is supplying them. Defendant should have received a variance down in his prosecution.

## Conclusion

Defendant Curtis Johnson prays the Court will grant the relief sought and lower the Base Offense Level to 34.

Respectfully Submitted
Curtis Johnson pro se

/s/ Curtis Johnson

## Sworn Affidavit

I, Curtis Johnson, swear and attest that the aforegoing is truthful and factual to the best of my recollection and knowledge. And that I am cognizant that any false statement could result in a criminal prosecution for perjury.

Respectfully Submitted

/s/ Curtis Johnson

Curtis Johnson
#
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555

## Certificate Of Service

I certify that I have placed in the internal mail system a true
copy of the aforegoing affixed with prepaid U.S. Postage First Class
addressed to the United States Attorney Office.
This 30 day of September 2022.

/s/ _Curtis Johnson_

Respectfully Submitted
Curtis Johnson
#
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555

This 30 day of September 2022

5